UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

CASEY FRANKLIN, individually and )
on behalf of all others similarly situated, )
)
          Plaintiff, )
   v. )   Case No. 23-CV-2087
)
TMS INTERNATIONAL, LLC, )
)
          Defendant. )

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Unopposed Motion in Support of Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and Memorandum in Support of the Motion, the Class Action Settlement Agreement ("Settlement Agreement") between Casey Franklin ("Plaintiff") and TMS International, LLC, ("Defendant," and, together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised in the premises, IT IS HEREBY ORDERED AS FOLLOWS:

    1.    Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

    2.    The terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement

was negotiated at arm's length between the Parties, who were represented by experienced counsel.

3. For settlement purposes only, the Court finds that the prerequisites to class action treatment under Federal Rule of Civil Procedure 23 – including numerosity, commonality and predominance, adequacy, and appropriateness of class treatment of these claims – have been preliminarily satisfied.

4. The Court hereby conditionally certifies, pursuant to Federal Rule of Civil Procedure 23, and for the purposes of settlement only, the following Settlement Class consisting of: All individuals who provided biometric data including but not limited to hand or fingerprint scans as part of clocking in and/or out for work at TMS International, LLC within the state of Illinois from February 6, 2018 through the date the Preliminary Approval Order is entered.

5. For settlement purposes only, Plaintiff Casey Franklin is hereby appointed as Class Representative.

6. For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

> Brandon M. Wise
> Adam Florek
> Peiffer Wolf Carr Kane Conway & Wise, LLP
> 818 Lafayette Ave., Floor 2
> St. Louis, Missouri 63104
> 314-833-4285
> bwise@peifferwolf.com
> aflorek@peifferwolf.com

7. The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of class certification in the Litigation in all other contexts and for all other purposes should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

8. The Court approves, in form and content, the Class Notice, attached to the Settlement Agreement as Exhibit A, and finds that Exhibit A meets the requirements of Section 2-803 of the Illinois Code of Civil Procedure and satisfies Due Process.

9. The Court finds that the planned notice set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and constitutes the best notice practicable under the circumstances, where Class Members are current or former employees of Defendant and may be readily ascertained by Defendant's records, and satisfies fully the requirements of Due Process, and any other applicable law, such that the Settlement Agreement and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10. The Court appoints Analytics, LLC as Settlement Administrator. The Settlement Administrator is vested with authority to carry out the Notice as set forth in the Settlement Agreement.

11. The distribution of Class Notice as set forth in the Settlement Agreement shall proceed.

12. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against the Defendant or the Releasees relating to the claims released under the terms of the Settlement Agreement.

13. Any person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by Class Counsel, by first class mail, postage prepaid, and postmarked, no later than October 16, 2023.

14. In order to exercise the right to be excluded, a person within the Settlement Class must timely send a written request for exclusion to Class Counsel providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class. Any request for exclusion submitted via first class mail must be personally signed by the

person requesting exclusion. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

15. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

16. Class Counsel may file any motion seeking an award of attorneys' fees and costs not to exceed 35% of the settlement fund in attorneys' fees, plus their reasonable costs and expenses, as well as an Incentive Award of five thousand dollars ($5,000.00) for the Class Representative, no later than 14 days prior to the Final Approval Hearing.

17. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Incentive Award to the Class Representative, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 18 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's Counsel, and the Settlement Administrator no later than October 16, 2023.

Addresses for Class Counsel, Defendants' Counsel, and the Clerk of Court are as follows:

**Class Counsel**
Brandon M. Wise
Adam Florek
Peiffer Wolf Carr Kane Conway & Wise, LLP
818 Lafayette Ave., Floor 2
St. Louis, Missouri 63104
314-833-4285
bwise@peifferwolf.com
aflorek@peifferwolf.com

**Defendant's Counsel**
Kimberly Arouh
Jennifer Oliver
Buchanan Ingersoll & Rooney LLP
600 W. Broadway
Suite 1100
San Diego, CA 92101
619-685-1990
Kimberly.Arouh@bipc.com
Jennifer.oliver@bipc.com

**Clerk of Court**
Shig Yasunaga
Clerk of the Court
218 U.S. Courthouse
201 S. Vine Street
Urbana, IL 61802

18.     Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objection(s), and must also state in writing: (i) his/her full name, address, and telephone number; (ii) the case name and number of this litigation; (iii) the date range

6

and location during which/at which he/she was employed by Defendant; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (vi) the objector's signature. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of an Incentive Award, and to the Final Approval Order and the right to appeal same.

19.     A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Plaintiff's Counsels' Fee and Expense Application and/or the request for an Incentive Award to the Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection

7

and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

20. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

21. All papers in support of the final approval of the proposed Settlement shall be filed no later than 14 days before Final Approval Hearing days before the Final Approval Hearing.

22. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Releasees.

23. A "Final Approval Hearing" shall be held before the Court on December 1, 2023, at 10:00 AM, in Courtroom A of 218 U.S. Courthouse, 201 S. Vine Street, Urbana, IL 61802 (or at such other time or location as the Court may without further notice direct) for the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rule of Civil Procedure 23 have been met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

(e) to consider the application for an Incentive Award to the Class Representatives;

(f) to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

24. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or

following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

25. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

26. All discovery and other proceedings in the Litigation as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

27. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

| | |
|---|---|
| Class List Sent to Administrator: (14 days): | August 28, 2023 |
| Notice to be completed by (28 days): | September 11, 2023 |
| Objection Deadline (60): | October 16, 2023 |
| Exclusion Request Deadline (60): | October 16, 2023 |
| Claim Form Deadline (60): | October 16, 2023 |
| Fee and Expense Application (78): | November 3, 2023 |
| Final Approval Submissions (78): | November 3, 2023 |
| Final Approval Hearing (90): | December 1, 2023, at 10:00 AM |

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement (#5) is GRANTED.

IT IS SO ORDERED.

ENTERED this 16th day of August, 2023.

s/ Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE