UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| **Casey Franklin**, *Individually and behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**TMS International, LLC**,<br><br>*Defendant*. | Case No.: 2:23-cv-02087 |

**Plaintiff's Motion and Memorandum in Support of Final Approval Of Class Action Settlement Pursuant to Federal Rule of Civil Procedure 23(e)**

Plaintiff Casey Franklin ("Plaintiff"), individually and on behalf of the preliminarily approved class, respectfully moves the Court for Final Approval of the parties' class action settlement, in accordance with Federal Rule of Civil Procedure 23(e)'s procedures. In support of his Motion, Plaintiff states as follows:

### Introduction

Casey Franklin brought a putative class action on February 6, 2023, against TMS International, LLC ("Defendant"), asserting claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. § 14/1, et seq. Defendant denies these allegations, denies violation of any law, and denies all liability. The parties have reached a proposed settlement that provides all Class Members with the ability to receive a share of the proposed Settlement Fund. See Settlement Agreement And Release (the "Settlement Agreement"), attached hereto as Exhibit 1. The Settlement Agreement, which was preliminarily approved on August 16, 2023, and provides significant relief to an estimated 85 individuals comprising the class and establishes a cash settlement fund in the amount of $121,250.00, from which Class Members who do not exclude themselves from the Class will be compensated.

Moreover, the Settlement Agreement, if finally approved, will bring certainty, closure, and significant and valuable relief for individuals to what otherwise would likely be contentious and costly litigation regarding Defendant's alleged unlawful collection, use, storage, and dissemination of individuals alleged biometric identifiers and/or biometric information.

Now that the Parties have effectuated notice, Mr. Franklin seeks final approval of the Settlement, final certification of a class, appointment of class counsel, and entry of final judgment so that payments may be distributed to the Class. The Parties' settlement of this action is fair, reasonable, and adequate under the governing legal standards and satisfies all the criteria for final approval.

Class Members have been notified of the terms of the settlement, including the monetary relief, the allocation formula, and their right to object to or opt out of the settlement. Declaration of Caroline P. Barazesh Regarding Settlement Administration at ¶¶ 4-5, 9-11, Exhibit. 2. ("Declaration of Caroline P. Barazesh"). On August 22, 2023, Defendant's Counsel provided Analytics with the Class List and on September 11, 2023, Analytics mailed the approved Class Notice to the most current mailing address of 43 Class Members who were no union members and 36 Class Members who were union members, via USPS First Class Mail. Id. at ¶¶ 4, 9. Ultimately, 88 of the 89 total Class Members (98.87%) received notice by mail. Id. at ¶ 11. As of filing, no Class Members opted out of or objected to the Settlement and 22 of the 43 (61.11%) Class Members who were union members submitted a timely and valid Claim Form. Declaration of Caroline P. Barazesh at ¶¶ 12-14. With such overwhelming support for the settlement and for the reasons stated below, the Court should grant final approval.

I.  **RELEVANT BACKGROUND**

Plaintiff filed his Class Action Complaint in Illinois' Twenty-First Judicial Circuit, in Kankakee County on February 6, 2023. In his Complaint, Mr. Franklin alleges that Defendant utilized biometric timekeeping devices at its location in Illinois and that its employees used the devices when clocking into and out of work. Plaintiff alleged that Defendant failed to comply with BIPA by: (1) failing to inform individuals in writing that it will be capturing, collecting, storing, using, and disseminating biometric data (i.e., statutorily-defined biometric identifiers and/or information) prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to publish a publicly available retention schedule and guidelines for permanently destroying biometric data. On April 10, 2023, Defendant timely removed the suit to this Court; Plaintiff declined to challenge such removal.

On April 25, 2023, Counsel for the Parties had an initial conversation to explore the possibility of early settlement. During that call the parties discussed their perceived strengths and weaknesses of the case. On May 8, 2023, Plaintiff propounded limited requests for information in order to facilitate a formal settlement demand, to which Defendant responded on May 10, 2023. Following a third telephone conference on May 15, 2023, the Parties reached a mutually agreeable settlement on May 17, 2023. Thereafter, the Parties negotiated additional terms and conditions related to Settlement, including the Notice Form provided to Class Members, the scope of the release, the Preliminary Approval Order, confidentiality, and settlement benefits. These extensive negotiations culminated in the Settlement Agreement for which the Parties were granted preliminary approval on August 16, 2023. Since that time, the Parties via the settlement administrator, have effectuated notice and alerted the Class to contours of the Settlement, their

ability to object or exclude themselves, and the need for Settlement Class Members who were subject to a Collective Bargaining Agreement to submit a claim form.

On September 11, 2023, the Settlement Administrator mailed the Notices to the Class. Declaration of Caroline P. Barazesh ¶¶ 4, 9. Now that notice has been effectuated and the Class Members have had the opportunity to file a claim, object to the Settlement, or opt out of the Agreement has been given to the Class, the Parties seek final approval of this class action settlement, and request that the Final Order and Judgment, attached hereto as Exhibit 4, be entered.

## II.  THE PROPOSED SETTLEMENT

### A.  The Class

The proposed Settlement would establish a Class defined as follows:

> All individuals who provided biometric data including but not limited to hand or fingerprint scans as part of clocking in and/or out for work at TMS International, LLC within the state of Illinois from February 6, 2018 through the date the Preliminary Approval Order is entered.

Exhibit 1, ¶ 42. The Parties estimate that the size of the Class is approximately 85 individuals comprising two sub classes. First, Settlement Class Members who were not subject to a Collective Bargaining Agreement at any time during the class period; Defendant represents that there are approximately 43 people in this group. Id., at 47(a). Second, Settlement Class Members who were subject to a Collective Bargaining Agreement at any time during the class period; Defendant represents that there are approximately 46 people in this group. Id., at 47(b).

### B.  The Settlement Fund

The proposed Settlement will establish a Settlement Fund of $121,250.00. Exhibit 1, ¶ 38. Each Class Member within Tier 1, who does not timely and properly opt out will receive a gross Settlement Award of $1,750.00 subject to downward pro rata adjustment to account for the Service Award, Class Counsel's Requested Fees and Expenses, and the costs of issuing settlement notice

and administration. Id., at ¶ 47(a). Each Class Member within Tier 1 who timely submitted a valid Claim Form will each receive a gross Settlement Award of $1,000.00 subject to downward pro rata adjustment to account for the Service Award, Class Counsel's Requested Fees and Expenses, and the costs of issuing settlement notice and administration. Id., at ¶ 47(b). Any unclaimed or undistributed amounts from the Settlement Fund (including checks disbursed to Class Members that are uncashed after 90 days of issuance, for any reason) will be equally divided between *cy pres* recipient Re: United Travel, a 501(c)(3) corporation that provides travel opportunities for disadvantaged youth from Illinois' marginalized communities; and Ann & Robert H. Lurie Children's Hospital of Chicago, A children's hospital dedicated to the health and well-being of all children. Id., at ¶ 48.

### C. Service Payment to Named Plaintiff, Attorneys' Fees, and Litigation and Administration Costs

As set forth in the Settlement Agreement, Ex. 1, § XV, Plaintiff concurrently seeks final approval of an Incentive Award of $5,000.00 for Plaintiff. Additionally, as explained below, Plaintiff's Counsel concurrently seeks approval of an award of attorneys' fees of $ 42,437.50, and litigation costs of at least $ 2,819.98. See, Plaintiff's September 26, 2023, Unopposed Petition and Memorandum in Support of Attorneys' Fees and Costs and an Incentive Award to Plaintiff, (Dkt. No: 8). The Parties agree that these sums are fair and reasonable in light of all the facts and circumstances, including the time spent by Class Counsel, the risks undertaken, and the results achieved.

### D. Final Settlement Administration

The claims at issue in this litigation primarily consist of Defendant's alleged violations of BIPA with respect to a group of individuals alleged to be Defendant's employees. Payment of each Class Member's share will be made by check issued by the Settlement Administrator.

### E. Release

In exchange for the relief described above, the Class Members will provide Defendant and the Releasees a full release of all "Released Claims," generally including claims, arising out of, related to, or connected with the alleged capture, collection, storage, possession, transmission, conversion, disclosure, and/or other use of biometric identifiers and/or biometric information in connection with Defendant's alleged biometric time tracking system or time clock. Exhibit 1, § VII.

## III. THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

"Federal courts naturally favor the settlement of class action litigation." Isby v. Bayh, 75 F.3d 1191, 1196 (7th Cir. 1996). Here, the Court preliminary approved the parties' settlement on August 16, 2023. (Dkt. No. 6). Plaintiffs now request that the Court grant final approval of the Settlement Agreement, the final step for approval of a class action settlement.

### A. The Settlement Procedure has Complied With Due Process

When the court reviews a proposed class action settlement, its "consideration [is limited to] whether the proposed settlement is lawful, fair, reasonable, and adequate." Isby, 75 F.3d at 1196–97. It must "refrain from resolving the merits of the controversy or making a precise determination of the parties'' respective legal rights[.]" Id. (quoting E.E.O.C. v. Hiram Walker & Sons, Inc., 768 F.2d 884, 889 (7th Cir. 1985)). The well-defined class action settlement procedure includes three distinct steps:

1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

2. Dissemination of mailed and/or published notice of settlement to all affected class members; and

   3.  A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

See Fed. R. Civ. P. 23(e); see also Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 11.22 et seq. (4th ed. 2002). This process safeguards Class Members' procedural due process rights and enables the Court to fulfill its role as guardian of Class interests. With this motion, Plaintiff requests that the Court take the final step – granting final approval of the Settlement Agreement, entering an Order granting Final Judgment, and ordering the distribution of the Settlement Fund.

  By way of comparison, this settlement is comparable to other settlements for alleged violations of Illinois Biometric Information Privacy Act cases. See Steven Horn v. Method Products, PBC., Eighteenth Judicial Circuit, DuPage County, Case No: 2022-LA-00403, (On December 5, 2022, the court finally approved a BIPA Class Action Settlement of $148,000.00 for 148 individuals and, *inter alia*, awarded 40% attorney's fees); see Jacob Weeks v. Tricon Industries Manufacturing & Equipment Sales, Inc., Thirteenth Judicial Circuit, LaSalle County, Case No: 2021-L-0032 (on June 27, 2022, the Court finally approved a BIPA Class Action Settlement of $75,120.00 for 117 individuals and, *inter alia*, awarded 40% attorney's fees); see Yvonne Wilhite v. Sun Baskets, Inc., Twentieth Judicial Circuit, Monroe County, Case No: 2020-L-0030 (on September 27, 2021, the Court finally approved a BIPA Class Action Settlement of $250,000.00 for 1,154 individuals and, *inter alia*, awarded 35% attorney's fees).

  **B.**  **Approval Is Appropriate Under Rule 23(e)(2)**

  The approval of a class action settlement is governed by Federal Rule of Civil Procedure 23 whereby a Court may approve a settlement if it finds "it is fair, reasonable, and adequate" and it considers whether the class's "representatives and class counsel have adequately represented the

class"; the agreement was negotiated at arm's length; the relief provided is adequate; and the settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23 (e)(2).

There is a strong presumption that a class action settlement meets this standard when it is the result of arms-length negotiations. <u>Great Neck Capital Appreciation Inc. Partnership, L.P. v. PricewaterhouseCoopers, LLP</u>, 212 F.R.D. 400, 410 (W.D. Wis. 2002); <u>see also</u>, Newberg on Class Actions § 11.41 at 1188 (3d ed. 1992). The Settlement Agreement here is the result of lengthy, vigorous, and, at times, heated negotiations between Counsel for the Parties. Counsel for Plaintiff and for Defendant are experienced and thoroughly familiar with the factual and legal issues presented.

Starting with a presumption in favor of approving the settlement, the Court then should consider five factors in determining the "fairness" of a class action settlement. When considering the fairness of a settlement, the court must weigh:

> 'the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement.'

<u>Synfuel Techs., Inc. v. DHL Express (USA), Inc.</u>, 463 F.3d 646, 653 (7th Cir. 2006) (quoting <u>Isby</u>, 75 F.3d at 1199).

### 1. *The Strength of the Plaintiff's Case on the Merits*

Throughout this litigation, Plaintiff has focused on claims all arising from alleged violation of an Illinois specific statute – BIPA. The litigation, like many other BIPA cases had many outstanding legal issues including, *inter alia*, accrual and the prevailing statute of limitations which were resolved by the Illinois Supreme Court last term.

Class Counsel believes strongly in the merits of this action. This includes the belief that Plaintiff and Class Members had their biometric identifiers and biometric information captured in violation of Illinois law. However, the ambiguity surrounding the statute of limitations and claim accrual timeline created novel legal issues which have permeated all BIPA cases. The significance of these issues and the potential for further proceedings on other novel legal issues rendered recovery in this case uncertain during the settlement negotiations, and, if there is a recovery after all legal issues pertaining to BIPA were settled law, greatly delay the timing of any such recovery. This Settlement Agreement provides meaningful relief to the 89 members of the Class without the risk or delay of continued litigation or adverse appellate rulings.

2.    *The Complexity, Length, Expense, and Risk of Continued Litigation*

The instant lawsuit is, as with many class actions, moderately complex. The lawsuit is premised on a violation of BIPA arising from the alleged imposition and use of a biometric-based timeclock. If this matter were to have continued in the normal course of proceedings, it is likely that Defendant would have moved for this matter to remain stayed pending the numerous appeals currently pending before the Illinois Supreme Court. Second, regardless of the outcome of the cases before the Illinois Supreme Court, there would still be an outstanding factual question of whether Plaintiff's Biometrics were actually collected or if the collection was of a mathematical representation outside of BIPA's purview. This issue would necessarily require exhaustive expert review of the electronically stored information as well as how that information could potentially be used, all to prepare the case for trial. These issues would also wholly ignore any other affirmative defenses Defendant might muster ahead of trial.

In contrast, because of the timing of this early settlement, Plaintiff and Class Members will receive a substantial monetary benefit soon, without the risk of further litigation, adverse appellate

rulings, legislative changes to the statute, or other risks associated with continued litigation. This factor supports final approval here.

### 3. *The Absence of Collusion.*

The settlement between the Parties was the result of serious, prolonged and at various points contentious negotiations between experienced counsel. While there was no formal discovery performed in this matter, there was detailed information exchange during the course of settlement negotiations on material aspects of this case, including class size, the timeclocks at issue, and Defendant's BIPA practices. The Settlement Agreement was reached as the product of hard-fought negotiations, and memorialization and finalization of the terms of the Settlement Agreement were also subject to multiple rounds of negotiation between Class Counsel and Defendant's Counsel. As such, this factor weighs in favor of final approval, too.

### 4. *Adequacy of Representation and the Opinion of Competent Counsel as to the Reasonableness of the Settlement.*

Rule 23 requires that the class representative and class counsel have provided adequate representation to the class and focuses on class counsel's and the class representative's performance as it relates to the "conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e), Advisory Committee's Note to 2018 Amendment.

Class Counsel and the Class Representative pursued this case vigorously on behalf of the potential class. The interests of the Class Representatives have remained aligned with the Class. Class Counsel has consistently devoted time and resources to advancing this matter and negotiating a settlement which will add value to each and every individual Class Member. Class Counsel believes the settlement to be fair and reasonable in light of the procedural and substantive risks Plaintiff and Class Members would face if litigation were to continue. Class Counsel believes that this settlement provides meaningful relief to the Class Members. While the Settlement does not

provide for maximum recovery it does guardrail against the threats posed by continued litigation and adverse appellate rulings ensuring that each member of the Class has an opportunity to participate in the Settlement and receive compensation. This Settlement was reached relatively early in the litigation and, importantly, avoids unnecessary risks while securing a settlement value that is in line with or above many other BIPA settlements.

Moreover, courts are "entitled to rely heavily on the opinion of competent counsel." Gautreaux v. Pierce, 690 F.2d 616, 634 (7th Cir. 1982) (quoting Armstrong v. Bd. of Sch. Dirs. of Milwaukee, 616 F.2d 305, 325 (7th Cir. 1980)). Class Counsel are competent and experienced in class actions and are familiar with the strengths and weaknesses of the claims and defenses. See Peiffer Wolf Carr Kane Conway & Wise, LLC Firm Resume, Attached as Exhibit 3. Using that litigation experience and their intimate knowledge of the facts of the case and the legal issues facing the Class Members, Class Counsel were capable of making, and did make, well informed judgments about the value of the claims, the time, costs and expense of protracted litigation, discovery, and appeals, and the adequacy of the settlement reached. Defendant's counsel also endorses this settlement. This factor therefore weighs in favor of final approval.

The Court need not rule on a completely blank slate as to the fairness, reasonableness, and adequacy of the instant Settlement. In addition to the cases discussed above, in Sekura v. L.A. Tan Enterprises, Inc., No. 2015-CH-16694 (Cir. Ct. Cook Cnty., Ill. 2016), the BIPA class settlement resulted in each class member being eligible to receive a *pro rata* share of a settlement fund that would have amounted to approximately $40 per person if each class member had submitted a valid claim. In Carroll v. Crème de la Crème, Inc., No. 2017-CH-01624 (Cir. Ct. Cook Cnty., Ill. 2018), the settlement resulted in each class member being eligible to enroll in credit and identity monitoring services free of charge without further monetary relief. In Taylor

v. Sunrise Senior Living Mgmt., Inc., 2017-CH-15152 (Cir. Ct. Cook Cnty., Ill. 2018), the settlement resulted in class members receiving a gross amount of $115 or $40 depending on whether the claim accrued within two years or five years to account for older claims potentially being time-barred.  In Zepeda v. Intercontinental Hotels Group, Inc., No. 2018-CH-02140 (Cir. Ct. Cook Cnty., Ill. 2018), the settlement provided each class member being eligible to receive a *pro rata* share of a settlement fund that would amount to approximately $240 per person before deductions for administrative expenses, attorneys' fees and costs, and an incentive award. Here, Plaintiff's Counsel estimates that each Class Member which are not subject to a Collective Bargaining Agreement will receive approximately $1,200.00 after attorneys' fees, costs, administrative expenses, and a service award to Plaintiff are deducted from the Settlement Fund and Class Member which are subject to a Collective Bargaining Agreement will receive approximately $600.00 after attorneys' fees, costs, administrative expenses, and a service award to Plaintiff are deducted from the Settlement Fund.  This result is fair, reasonable, and adequate and warrants Court approval.

        5.    *The Stage of the Proceedings and the Amount of Discovery Completed*

As discussed above, no formal discovery was performed in this action.  However, at Plaintiff's request, Defendants produced important data and information so that Plaintiff's Counsel could adequately value the case.  Thus, Class Counsel adequately developed the facts supporting Plaintiff's and Class Members' claims and potential defenses or issues so that an adequate value of the case could be ascertained.

    **C.**    **There is No Opposition to the Settlement**

Furthermore, the absence of any objections or opt-outs by Class Members is significant in determining whether the proposed settlement is reasonable to the class as a whole.  See Hispanics

United of DuPage County v. Village of Addison, Illinois, 988 F. Supp. 1130, 1166, 1169 (N.D. Ill. 1997) ("the court may approve a fair settlement over objections by some or even many Class Members"); Mangone v. First USA Bank, 206 F.R.D. 222, 226-27 (S.D. Ill. 2001) (same).

## Conclusion

For the foregoing reasons, Plaintiff Casey Franklin respectfully requests that the Court enter the Proposed Final Order and Judgment attached hereto as Exhibit 4.

Date: November 1, 2023

Respectfully Submitted,

By: */s/ Adam Florek*
Brandon M. Wise
Adam Florek
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
One U.S. Bank Plaza, Suite 1950
St. Louis, MO 63101
314-833-4825
bwise@peifferwolf.com
aflorek@peifferwolf.com
Firm ID: 62258

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 1, 2023, I filed the foregoing document with the clerk of the Court using the CM/ECF, which should further distribute a true and accurate copy of the foregoing to all counsel of record.

                   */s/ Adam Florek*