## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **CASEY FRANKLIN,** *Individually and on behalf of all others similarly situated,* | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 23-CV-2087** |
| **TMS INTERNATIONAL, LLC,** | ) ) | |
| **Defendant.** | ) ) | |

## FINAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiff Casey Franklin's Unopposed Motion for Final Approval of Class Action Settlement (the "Motion") (#9), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1.      Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement (#9-1) between Casey Franklin ("Plaintiff"), for himself individually and on behalf of the Settlement Class, and TMS International, LLC, ("Defendant"). Plaintiff and Defendant are each referred to as a "Party" and are collectively referred to herein as the "Parties."

2.     This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3.     The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order (#6) dated August 16, 2023, and the Court finds that adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4.     The Court has read and considered the papers filed in support of this Motion for Final Approval, including the Settlement Agreement and exhibits thereto and supporting declarations.

5.     The Court held a Final Approval Hearing on December 1, 2023, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6.     Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and was entered into in good faith and in the best interests of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in maintaining the class action through trial and appeal. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arms'-length negotiations between experienced

attorneys familiar with the legal and factual issues of this case further support this finding.

7.      Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All individuals who provided biometric data including but not limited to hand or fingerprint scans as part of clocking in and/or out for work at TMS International, LLC within the state of Illinois from February 6, 2018 through the date the Preliminary Approval Order is entered.

8.      No persons have made timely and valid requests for exclusion or any other requests for exclusion. Therefore, all Settlement Class Members are bound by this Final Order and Judgment.

9.      For settlement purposes only, the Court confirms the appointment of Plaintiff Casey Franklin as Class Representative of the Settlement Class.

10.     For settlement purposes only, the Court confirms the appointment of Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class.

11.     With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representatives and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately

protect, the interests of the Settlement Class; and (d) certification of the Settlement Class

is an appropriate method for the fair and efficient adjudication of this controversy.

12.    The Court has determined that the Notice (#5-2) given to the Settlement

Class Members, in accordance with the Preliminary Approval Order, fully and

accurately informed Settlement Class Members of all material elements of the

Settlement and constituted the best notice practicable under the circumstances, and

fully satisfied the requirements of Federal Rule of Civil Procedure 23, applicable law,

and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

13.    The Court orders the Parties to the Settlement Agreement to perform their

obligations thereunder. The terms of the Settlement Agreement shall be deemed

incorporated herein as if explicitly set forth and shall have the full force of an order of

this Court.

14.    The Court dismisses the Litigation with prejudice and without costs

(except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's

and all Settlement Class Members' claims against Defendant. The Court adjudges that

the Released Claims and all of the claims described in the Settlement Agreement are

released against the Releasees.

15.    The Court adjudges that the Plaintiff and all Settlement Class Members

shall be deemed to have fully, finally, and forever released, relinquished, and

discharged all Released Claims against the Releasees, as defined under the Settlement

Agreement.

16.     The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiff has, and the Settlement Class Members are deemed to have, knowingly waived the protections of any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542 which provides:

*A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

17.     The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, and agents, as set forth in the Settlement Agreement. The Releasees may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.    Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

19.    The Court approves payment of attorneys' fees in the amount of $42,437.50 reimbursable litigation costs and expenses to Class Counsel in the amount of at least $2,819.98. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms'-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award in the amount sought.

20.    The Court approves the requested Incentive Award in the amount of five thousand dollars ($5,000.00), and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on

the risks of litigation, and helping achieve the results to be made available to the

Settlement Class. This amount shall be paid from the Settlement Fund in accordance

with the terms of the Settlement Agreement.

21.    Neither this Final Order and Judgment, nor the Settlement Agreement,

nor the payment of any consideration in connection with the Settlement shall be

construed or used as an admission or concession by or against Defendant or any of the

Releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the

Released Claims. This Final Order and Judgment is not a finding of the validity or

invalidity of any claims in this Litigation or a determination of any wrongdoing by

Defendant or any of the Releasees. The final approval of the Settlement Agreement does

not constitute any position, opinion, or determination of this Court, one way or another,

as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or

Defendant.

22.    There have been no objections to the Settlement Agreement. The Court

finds that no reason exists for delay in entering this Final Order and Judgment.

Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and

Judgment.

23.    The Parties, without further approval from the Court, are hereby

permitted to agree to and adopt any amendments, modifications and expansions of the

Settlement Agreement and its implementing documents (including all exhibits to the

Settlement Agreement) so long as they are consistent in all material respects with the

Final Order and Judgment and do not limit the rights of the Settlement Class Members.

IT IS SO ORDERED.

The Unopposed Motion for Final Approval of Class Action Settlement (#9) and the

Motion for Attorney Fees (#8) are both GRANTED. This case is terminated.

ENTERED: December 6, 2023                              s/ Colin S. Bruce
                                                       United States District Court Judge